CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
12/4/2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:21CR00015-001 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **GREGORY MARCUS TACKETT,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Gregory Marcus Tackett, a federal inmate sentenced by this Court, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends that the health issues of his grandfather require his release. For the reasons that follow, his motion will be denied.[1]

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing

---

[1] Tackett filed his motion without the assistance of an attorney, and the court then appointed the Federal Public Defender to represent him. The Federal Public Defender has advised the Court that no supplemental motion will be filed. No reply to the government's response in opposition has been timely filed and the motion is thus now ripe for determination.

Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2024). But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, No. 3:04-cr-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

II.

Tackett was sentenced by this court on July 27, 2021, for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; conspiracy to commit mail fraud in connection with a presidentially declared major disaster or emergency, in violation of 18 U.S.C. §§ 1349 and 1341; aggravated identity theft, in violation of 18 U.S.C. § 1028A; and obstructing justice, in violation of 18 U.S.C. § 1512(c). Tackett was sentenced to a total of 108 months of imprisonment, with a sentence of 84 months to run concurrently on Counts One, Two, and Four, and a sentence of 24 months on Count Three to be served consecutively to the other three. J., ECF No. 39. Tackett is 32 years old. His current release date is January 7, 2031.

Section 1B1.13 provides that a sentence reduction may be permitted by "extraordinary and compelling" reasons under § 3582(c)(1)(A). These

extraordinary and compelling reasons include the incapacitation of an "immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." § 1B1.13(b)(3)(D). A defendant's grandfather is included in the definition of an immediate family member. *Id.*

However, Tackett has not made the requisite showing to be eligible under Section 1B1.13(b). He does allege that his grandfather has liver cancer and is suffering from heart problems. He also states that his grandmother passed away from cancer in May 2023 while he was serving this sentence. However, Tackett has not presented any evidence of his grandfather's hardship, such as medical records or affidavits. USSG § 1B1.13(b)(3)(D); *see United States v. Castle*, No. 2:15-CR-00190-KJM-DB-2, 2024 WL 3429668, at *2 (E.D. Cal. July 16, 2024) (finding persuasive the Bureau of Prison's program statement regarding compassionate release defining "incapacitation" to mean "completely disabled," "cannot carry on any self-care," "totally confined to a bed or chair" or has a severe cognitive deficit severely affecting the individual's mental capacity or function).

In addition, Tackett alleges that his grandfather does not have anyone else who will take care of him. While Tackett stated that his grandmother passed away,

he must also show that he is his grandfather's "only available caregiver." USSG § 1B1.13(b)(3)(D).

The government argues that, even if Tackett has made the requisite showing of an extraordinary and compelling reason, he cannot show that his release would not pose "a danger to the safety of any other person or to the community" as required by Section 1B1.13(a)(2). Tackett contends that his prison history shows that he is not a threat and has held a job the entire time he has been imprisoned. While the rehabilitation of a defendant is not in and of itself an extraordinary and compelling reason, it may be considered in connection with other circumstances. USSG § 1B1.13(d). For the reasons offered by the government in its response, I find that even if that ground were sufficient, a consideration of the § 3553(a) factors would convince me not to grant relief. One of those factors is the defendant's history and characteristics, which in this case includes convictions for assault, grand larceny, conspiracy to commit grand larceny, distribution of Schedule I or II drugs (heroin), and other drug distribution convictions. PSR ¶¶ 312–19, ECF No. 35.

IV.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 53, is DENIED.

ENTER: December 4, 2024

/s/ JAMES P. JONES
Senior United States District Judge